IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECTO B. GARCIA, | No. C -13-03886 EDL |
| Plaintiff, | **ORDER GRANTING DEFENDANT LIEBERSTEIN'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND GRANTING CITY DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |
| v. | |
| CITY OF NAPA, et al., | |
| Defendants. / | |

On August 22, 2013, pro se plaintiff Perfecto Garcia filed a complaint alleging that his civil rights have been violated.[1] On September 20, 2013, following the Court's Order granting Plaintiff's Request to Proceed In Forma Pauperis and dismissing Plaintiff's complaint with leave to amend, Plaintiff timely filed an amended complaint. The City Defendants[2] and Defendant Gary Lieberstein have filed separate Motions to Dismiss Plaintiff's complaint. Plaintiff did not file an opposition to the Motions to Dismiss, but he filed a document dated December 11, 2013, which the Court will liberally construe as a de facto opposition.

Because these matters were appropriate for decision without oral argument, the Court vacated the January 14, 2014 hearing. For the reasons stated in this Order, the motions to dismiss are granted without leave to amend.

**Allegations from the complaint**

Plaintiff alleges that Defendant Napa Police Officer Knutsen filed a police report number 12-

---

[1] Plaintiff initially filed this case on behalf of himself and his father, but in his amended complaint, Plaintiff stated that his father does not wish to continue as a plaintiff in this case. The Court construes this statement as a request to withdraw Plaintiff's father as a plaintiff, which is granted.

[2] The City Defendants include the City of Napa, Police Chief Melton and Police Officer Knutsen.

001228 on March 15, 2012 that contained false information from Plaintiff.  First Am. Compl. (FAC) at 1.  The police report states that police dispatch received a call from Plaintiff and that Plaintiff told dispatch that Officer Knutsen needed to pick up a DVD from Plaintiff immediately.  Id.  Plaintiff states that he did not request that Officer Knutsen pick up a DVD immediately.  Id.  Plaintiff alleges that Officer Knutsen violated his civil rights by including the false statement in the police report.  Id.

Plaintiff contacted non-party Napa Police Captain Steve Potter about the false police report.  Id.  Potter responded by telling Plaintiff to have Plaintiff's father and brother resubmit their statements, and that Potter would have a Napa police officer resubmit the case to the district attorney.  Id.  Non-party Napa Police Officer Debbie Peecock conducted an investigation.  Id.  Captain Potter did not release the investigation report to Plaintiff, allegedly because it was protected by California's elder abuse statutes.  Id.  Plaintiff is concerned that the Napa Police Department will use the law to falsify additional police reports involving Plaintiff and his family.  Id.

Plaintiff points to another false police report made by non-party Napa Police Officer Moore.  FAC at 2.  The report stated that "Hanson" reported that his left eye was exposed to a laser and that "Hanson" would have his eye examined by a doctor.  Id.  Plaintiff states that the report should have said that Plaintiff's eye was exposed to a laser and that Plaintiff would have his eye examined by a doctor.  Id.  Plaintiff requested that a formal complaint be filed against Hanson.  Id.  Plaintiff alleges that Hanson was arrested on May 28, 2003, but that non-party Napa District Attorney Miki Tal dropped the charges against Hanson.  Id.  Plaintiff also filed a complaint against the City of Napa on September 13, 2004 for failing to file charges against Officers Esser and Hanson for shining a laser in Plaintiff's eyes.  Id.  Plaintiff was told that the Napa Police Department would look into the issue, but never told Plaintiff the outcome of the investigation.  Id.

Plaintiff points to another false police report by non-party Officer Esser dated April 18, 2005.  Id.  Plaintiff made a complaint to the Napa Police Department about that false police report.  Id.

Plaintiff received a letter from George Hills Company dated February 21, 2007 about Plaintiff's claim number 06-032.  Id.  Plaintiff contacted an attorney at that time.  Id.

2

1    Plaintiff believes that Defendant District Attorney Gary Lieberstein does not bring charges
2 against neighbors in the community who are allegedly harassing Plaintiff's father because
3 Lieberstein "is conspiring with the rest of the conspirators" to kill his father by giving him a heart
4 attack. Id. Plaintiff alleges that his father has filed a lawsuit claiming that he is the sole owner of
5 several large properties. Id. at 2-3. Plaintiff notes that the defendants in his father's case worked
6 together in the Napa Special Investigations Unit and they are good friends. Id. at 3.

**Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id. Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted) & 1950. That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

**Discussion**

**Defendant Lieberstein's Motion to Dismiss**

Plaintiff's complaint against Lieberstein is premised on Lieberstein's alleged failure to prosecute criminal complaints. Lieberstein, however, is protected by prosecutorial immunity from

3

liability for federal claims brought pursuant to 42 U.S.C. § 1983.  See <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 912 (9th Cir. 2011) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."); see also <u>Milstein v. Cooley</u>, 257 F.3d 1004, 1007 (9th Cir. 2001) ("Specifically, absolute immunity for prosecutors is warranted (1) to allow prosecutors to focus their energies on prosecuting, rather than defending lawsuits; (2) to enable prosecutors to exercise independent judgment in deciding which suits to bring and conducting them in court; (3) to preserve the criminal justice system's function of determining guilt or innocence by ensuring that triers of fact are not denied relevant (although sometimes conflicting) evidence because of prosecutors' fear of suit; and (4) to ensure fairness to defendants by enabling judges to make rulings in their favor without the subconscious knowledge that such rulings could subject the prosecutor to liability, . . .") (internal citations omitted).  Therefore, Plaintiff's § 1983 claims against Lieberstein are dismissed.

Further, state law claims against Lieberstein are also barred by state law immunities.  See Cal. Gov't Code § 821.6 ("A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."); see also <u>Cappuccio, Inc. v. Harmon</u>, 208 Cal.App.3d 1496, 1500 (1989) (stating that the prosecutorial immunity is entitled to an "expansive interpretation.").  Plaintiff does not allege any statutory exception to the immunity, which extends "to immunize against claims by those suffering the injury who are not the target of the prosecution." <u>County of Los Angeles v. Superior Court</u>, 181 Cal.App.4th 218, 229 (2010).  In addition, Civil Code section 47 protects Lieberstein from liability for the allegations in the complaint.  See Cal. Civil Code § 47.

Plaintiff's claims against Lieberstein based on his alleged failure to prosecute in 2003, 2004 and 2005 are also barred by the statute of limitations.  See <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004) (California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims); Cal. Code Civil P. § 335.1).  For all of these reasons, Defendant Lieberstein's Motion to Dismiss is granted.

**City Defendants' Motion to Dismiss**

4

**1. Plaintiff's claims against the City of Napa are dismissed**

Plaintiff's complaint does not contain any allegations of any policy or custom of the City that would give rise to a civil rights violation, nor does he allege that he suffered any legal injury as a result of any policy or custom. Therefore, Plaintiff has failed to state a Monell claim and his claims against the City are dismissed. See Monell v. Department of Social Security of the City of New York, 436 U.S. 658 (1978).

**2. Plaintiff's claims against Defendant Melton are dismissed**

Plaintiff has not made any allegations at all against Defendant Police Chief Melton. There is no indication that Chief Melton was personally involved in the incidents at issue in the complaint. Therefore, the Court construes Plaintiff's complaint to contain official capacity claims against Chief Melton based on his status as a supervisor. "'A supervisor may be liable if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' Supervisory liability exists even without overt personal participation in the offensive act if a supervisory official implements a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Redman v. County of San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)). To allege individual supervisory liability, Plaintiff must allege that "the supervisor breached a duty to [him] which was the proximate cause of the injury.... 'The requisite causal connection can be established ... by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Redman, 942 F.2d at 1447 (quoting Johnson v. Duffy, 588 F.2d 740, 743–44 (9th Cir.1978)).

Here, there are no allegations against Chief Melton at all, let alone allegations that he created allegedly illegal practices that caused Plaintiff's injuries, or that Plaintiff suffered any legal injury. Therefore, claims against Chief Melton are dismissed.

**3. Plaintiff's claims against Defendant Knutsen are dismissed**

Plaintiff claims that Officer Knutsen made a false statement in a police report. FAC at 1. However, Plaintiff does not specify what right he believes was violated by the alleged inaccuracy in the police report, and there are no allegations that Plaintiff was legally injured by the alleged

5

misstatement in the report. Thus, Plaintiff has failed to state a claim against Officer Knutsen. The City Defendants' Motion to Dismiss claims against Officer Knutsen is granted.

### 4. Plaintiff's failure to comply with the claim filing requirement bars his state law claims

California law requires Plaintiff to comply with the claims filing requirements or show why he was excused from compliance with that requirement. See Cal. Gov't Code § 911.2 ("A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of the cause of action."); see also State of California v. Superior Court, 32 Cal.4th 1234, 1240-41 (2004) ("Consistent with Williams, we have observed that 'submission of a claim to a public entity pursuant to section 900 et seq. is a condition precedent to a tort action and the failure to present the claim bars the action.' . . . . In light of this overwhelming case law and history, we conclude that a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action.") (internal citations omitted). Plaintiff has failed to allege any facts showing that he complied with the claim presentation requirement or that he was excused from doing so. Therefore, Plaintiff's claims are dismissed for failing to comply with the claims filing requirement.

**Conclusion**

Defendant Lieberstein's Motion to Dismiss is granted. The City Defendants' Motion to Dismiss is granted. Because Plaintiff has already had the opportunity to amend his complaint to state a claim, the motions are dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: January 14, 2014

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PERFECT B. GARCIA et al,

        Plaintiff,

v.

CITY OF NAPA et al,

        Defendant.

Case Number: CV13-03886 EDL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Perfecto Bauer Garcia
2006 Swan Way
Fairfield, CA 94533

Rudy B. Garcia
563 Monroe Street
Napa, CA 94559

Dated: January 15, 2014

Richard W. Wieking, Clerk
By: Lisa R Clark, Deputy Clerk