IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PERFECTO B. GARCIA,

    Plaintiff,

v.

CITY OF NAPA, et al.,

    Defendants.
                               /

No. C -13-03886 EDL

**ORDER**

        On January 15, 2014, the Court filed an Order Granting Defendants' Motions to Dismiss without leave to amend. On January 24, 2014, the Court entered judgment in this case.

        On January 21, 2014, Plaintiff filed a "Rebuttal of Order Granting Defendant Lieberstein's Motion to Dismiss Without Leave to Amend and Granting City Defendants' Motion to Dismiss Without Leave to Amend." The Court construes Plaintiff's filing as a Motion for Leave to File a Motion for Reconsideration. Civil Local Rule 7-9 governs motions for leave to file motions for reconsideration. Subsection (b) of that Rule states:

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
>   (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>   (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>   (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Further, a district court has the discretion to reconsider its prior orders. Sch. Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Reconsideration

is appropriate if the district court:  (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id.; see also Civ. L.R. 7-9(b).  Generally, motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the Court to rethink what it has already thought.  See United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz.1998) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)).

     In his filing, Plaintiff argues generally that he has complied with all procedural requirements for prosecuting this case and reiterates his belief that Defendants have harassed and threatened him and his family.  However, Plaintiff has failed to make the required showing under Local Rule 7-9(b) to obtain reconsideration.  He has not pointed to a "material difference in fact or law" that exists from that which was presented to the Court before entry of the Court's January 15, 2014 Order and January 24, 2014 Judgment.  He has not pointed to "the emergence of new material facts or a change of law occurring after the time of" the Court's Order, nor has he shown a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" before the Court's Order.  Therefore, Plaintiff's motion for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: 1/27/14

                                                     ELIZABETH D. LAPORTE
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PERFECT B. GARCIA et al,

        Plaintiff,

v.

CITY OF NAPA et al,

        Defendant.

Case Number: CV13-03886 EDL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 28, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Perfecto Bauer Garcia
2006 Swan Way
Fairfield, CA 94533

Rudy B. Garcia
563 Monroe Street
Napa, CA 94559

Dated: January 28, 2014

        Richard W. Wieking, Clerk
        By: Lisa R Clark, Deputy Clerk

3